UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAY X 3 2007
5-3-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GERALD CROSS; | )  |
| Plaintiff, | ) |
| vs. | ) 07CV2472 <br> ) JUDGE ANDERSEN <br> ) MAG. JUDGE MASON |
| CITY OF CHICAGO, <br> A Municipal Corporation; and <br> Chicago Police Officers <br> TIMOTHY ULDRYCH, Star 5610; and <br> MICHAEL GARZA, Star 9671; | ) <br> ) <br> ) <br> ) Jury Demand <br> ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a citizen of the United States, and a resident of the City of Chicago.

5. Defendant police officers are duly appointed and sworn City of Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about September 4, 2005, at about 11:00 p.m., at or near 1900 South Spaulding Avenue in the City of Chicago, Plaintiff was walking near his home.

9. At said date, time, and place, Defendant-Officers were driving on Spaulding, with their lights off, going the wrong way on a one-way street.

10. Defendant-Officers observed Plaintiff crossing the street and stopped their car.

11. Defendant-Officers ordered Plaintiff to get against their car.

12. Plaintiff got against the Defendant-Officers' car, and put his hands on the car as he was ordered.

13. Plaintiff was not free to leave.

14. Defendant-Officers searched Plaintiff.

15. Numerous witnesses observed the police stop and search Plaintiff as described above.

16. Defendant-Officers did not find any contraband, weapons, or evidence of criminal activity.

17. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

18. Defendant-Officers ran Plaintiff's name.

19. Defendant-Officers told Plaintiff that he had a warrant.

20. Plaintiff stated that he did not have a warrant.

21. There was not an arrest warrant for Plaintiff.

22. Defendant-Officers asked Plaintiff if he ever used the name "Tribbeuna Cross."

23. Plaintiff stated that he did not, and said, "I told you the warrant was not for me."

24. Plaintiff was taken to a police station, and fingerprinted and processed.

25. The warrant at issue was for the arrest of "Tribbeuna Cross." That is not Plaintiff's name, and Plaintiff has never used that name. The warrant at issue listed a different date of birth and social security number than that of Plaintiff.

26. Plaintiff asked a Defendant-Officer what the warrant was for. Plaintiff was told it was for aggravated discharge.

27. The Defendant-Officers never told Plaintiff where the warrant was from.

28. The warrant was from Quincy, Illinois, in Adams County.

29. Plaintiff had never been to Adams County, and does not know anybody there.

30. Plaintiff was eventually transferred to the Cook County Jail.

31. From the Cook County Jail, Plaintiff was transported to Adams County, Illinois.

32. At the jail in Adams County, an officer in charge of the case reviewed the paperwork and stated that Plaintiff was not the person wanted on the warrant.

33. Plaintiff was released from custody on September 6, 2005, after spending 3 days in custody.

34. Plaintiff was "allowed" to use the phone to call someone to come get him.

35. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

36. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, pain and suffering, mental anguish and humiliation, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

37. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

38. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

39. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

40. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Illegal Search of Person)

41. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

-3-

42. The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF CHICAGO)

43. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

44. Plaintiff was falsely arrested based on a warrant that did not apply to him pursuant to a CITY OF CHICAGO widespread custom and practice of arresting the wrong person on a warrant, and then not taking any reasonable steps to investigate a person's claim of innocence and mistaken identity. It is further a widespread custom and practice for Chicago police to ignore falsely-arrested persons who claim that they do not have any outstanding warrants and should not have been arrested.

45. Arresting the wrong person on an arrest warrant, and then ignoring claims of mistaken identity, is a well-settled practice that constitutes a custom or usage within the force of law.

46. Chicago municipal policy-makers have been deliberately indifferent to the widespread custom of Chicago police arresting the wrong person on an arrest warrant and ignoring claims of mistaken identity.

47. The deliberate indifference by municipal policy-makers to the widespread-custom described above was the causal link to the arrest of Plaintiff on a warrant that did not apply to him.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the CITY OF CHICAGO;

b) Award Plaintiff compensatory damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

48. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

49. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

50. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595